IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES** | * |
| | * |
| v. | *   Crim. Case No.: SAG-04-0004 |
| | * |
| **RYAN AYRES,** | * |
| | * |
| **Defendant.** | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM OPINION</u>**

Defendant Ryan Ayres, who is serving a 300-month sentence in the Bureau of Prisons, has filed a motion seeking immediate compassionate release. ECF 367. He argues that the disparity between his sentence and that being served by his co-defendants, in combination with his relative youth at the time of the offense conduct, constitutes an extraordinary and compelling reason supporting his release. *Id.* The Government has filed an opposition, ECF 374, and Ayres filed a brief reply, ECF 375. No hearing is necessary. For the reasons addressed below, while this Court disagrees that a reduction of Ayres's sentence to time served is appropriate, it will grant Ayres's motion in part and reduce his sentence of imprisonment to 276 months.

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239-41 (2018). While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons." § 603(b)(1). Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative

remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* Once a motion is for compassionate release is properly filed, the Court (1) determines whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release; and (2) considers whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, the Government concedes that Ayres adequately exhausted his administrative remedies. *See* ECF 374 at 7. Thus, this Court turns to whether he has established any "extraordinary and compelling reason[]" warranting further consideration of compassionate release.

Congress has charged the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t) (2018). In response, the Commission defined "extraordinary and compelling reasons" to exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(A)–(D) (U.S. SENTENCING COMM'N 2018).[1] This Court also has authority to consider any "extraordinary

---

[1] Pursuant to the statutory language, the Court must examine whether the defendant's request for reduction is consistent with the Sentencing Commission's applicable policy statements. "To this end, courts . . . once looked to Sentencing Guideline § 1B1.13 as the primary policy statement informing the district court's analysis of what circumstances merit extraordinary and compelling reasons for compassionate release." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023).

and compelling reason" a defendant might raise, regardless of the BOP's determinations. *See United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020).

Ayres argues that at this point, his sentence is disproportionate to those sentences imposed upon his co-defendants. See ECF 367-1 at 5. In particular, he notes that the recognized leader of the violent drug trafficking organization at issue, Shawn Henry, had his sentence reduced to 246 months' imprisonment in 2016. *Id.* at 4. Because, Ayres argues, Henry was the more culpable, Ayres's sentence should not exceed Henry's. *Id.* at 8. Ayres also argues that other co-defendants originally received 240-month sentences from the sentencing judge, making his overall sentence higher than theirs. *Id.* at 9. He argues that his sentence should also be reduced to 240 months, which would amount to time served.

The Government disagrees, noting Ayres's multiple disciplinary sanctions during his term of incarceration. *See* ECF 374 at 5. The Government also argues that Henry, while the leader of the conspiracy, participated in only one shooting, while Ayres was involved in more events of violence. *Id.* at 13.

Initially, this Court notes that it calculates Henry's present sentence at 292 months, not 246. It is evident from the record that Henry was given credit for 46 months served in state custody for which he would not receive federal credit, and that the Court varied downward to give him credit for that time. *See* ECF 221 at 2. With that said, for several reasons, this Court is persuaded

---

Recently, however, the Fourth Circuit joined its sister circuits "in determining that no applicable policy statement currently exists for defendant-filed § 3582(c)(1)(A) motions for compassionate release." *Id.* at 174; *see also United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020). As the Fourth Circuit explained, "[b]ecause the Sentencing Commission adopted § 1B1.13 prior to the FSA, it did not account for motions filed by defendants, and now solely applies to motions filed by the BOP." *Id.* Thus, this Court refers to the language and guidance of the outdated policy as "helpful guidance" but does not entirely rely upon it in its consideration of defendant's motion. *See id.*

that Ayres's overall sentence should not be greater than Henry's. First, this Court credits the assessments of relative culpability made by the original sentencing judge, Judge J. Frederick Motz, who originally sentenced Henry to 314 months (360 minus 46) and Ayres to 300 months. *See id.*; ECF 367-3. Henry was later able to avail himself of a sentencing reduction because he had pled guilty to a drug trafficking offense and was eligible for relief under the First Step Act. ECF 246. Ayres pled guilty to a firearms offense, which rendered him ineligible for a similar reduction. Both defendants, however, engaged in violent acts in furtherance of the same drug trafficking organization. In the current posture, Ayres is serving 300 months and Henry is serving 292. That flips the balance of culpability as assessed by Judge Motz when he originally sentenced the defendants in 2005. This Court concludes that this present disparity constitutes an extraordinary and compelling reason warranting further consideration of whether compassionate release should be afforded to Ayres.[2]

This Court then turns to the 18 U.S.C. § 3553(a) factors in determining whether it should reduce Ayres's sentence. *See* 18 U.S.C. § 3582(a); *United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019); *United States v. Logan*, Cr. No. CCB-10-0203, 2019 WL 3391618 at *1 (D. Md. July 26, 2019). Those factors include (1) "the nature and circumstances of the offense;" (2) "the history and characteristics of the defendant;" (3) "the need to protect the public from further crimes of the defendant;" and (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). The

---

[2] Ayres also argues that his younger age at the time of the offense contributes to an extraordinary and compelling reason permitting compassionate release. Because this Court finds that the present discrepancy between Ayres's sentence and Henry's, standing alone, suffices as an extraordinary and compelling reason, it need not address that issue.

Court may also consider the defendant's conduct since his conviction, which would include his disciplinary record in prison. *See Logan*, 2019 WL 3391618 at *1.

The nature and circumstances of Ayres's offense were of course extremely serious: involvement in a drug conspiracy and, in particular, involvement in a non-fatal shooting of three people on one occasion and two on another, in addition to the carjacking and kidnapping of a victim who was later shot by a co-defendant. Ayres's history and characteristics are marked largely by his young age at the time of these offenses and his more recent conduct. While he has amassed seven disciplinary infractions in the 228 months he has served (as of April, 2023), he has not sustained any infractions in the last seven years, with the most recent one before that being five years earlier. ECF 337-7. Ayres is now 42 and it is evident that his ability to comport his conduct with rules, while imperfect, has developed over time. Finally, as addressed above, there is an unwarranted sentencing disparity as things presently stand, mitigating in favor of some sentencing reduction.

Further, Ayres's present anticipated release date, if this Court does not reduce his sentence, is November 5, 2025. This Court is not persuaded that an additional 28 months will ensure that Ayres is able to comply with the conditions of supervision or will not pose a threat to community safety. Despite his criminal history during his younger days and infractions in the BOP, Ayres's present record suggests that he does not pose a significant threat to community safety once he is released to carefully crafted conditions of supervised release. This Court is not persuaded, however, that a reduction of Ayres's sentence to time served (placing him at the lowest end of any of the co-conspirators) or 240 months (which would align him with the lowest sentences issued by Judge Motz) is appropriate. This Court believes Ayres should remain at his appropriate place within the hierarchy of co-defendants, to avoid creating additional disparities. Accordingly, this

Court believes that reducing Ayres's sentence to 276 months is sufficient, but not greater than necessary, to address the purposes of the sentencing statute, 18 U.S.C. § 3553(a).

      This Court therefore will enter an amended judgment reducing Ayres's sentence to 276 months of incarceration.

Date:  July 31, 2023                          /s/
                                                  Stephanie A. Gallagher
                                                  United States District Judge